UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT OBY and SUSAN OBY,<br><br>    Plaintiffs,<br><br>    v.<br><br>CLEAR RECON CORP; SELECT PORTFOLIO SERVICING, INC.; JP MORGAN CHASE BANK N.A.; and DOES 1 through 50,<br><br>    Defendants. | No. 2:16-cv-01008-MCE-CKD<br><br>**MEMORANDUM AND ORDER** |

On April 4, 2016, Plaintiffs Robert Oby and Susan Oby ("Plaintiffs") filed this action in state court against Clear Recon Corporation, Selection Portfolio Servicing, Inc., and JPMorgan Chase Bank N.A. ("Defendants" unless otherwise noted).  Plaintiffs' Complaint alleges that Defendants engaged in loan modification discussions with Plaintiffs while simultaneously advancing foreclosure against Plaintiffs' home in contravention of California's Homeowners Bill of Rights.  On April 6, 2016, the state court granted Plaintiff's Application for Temporary Restraining Order ("TRO") preventing Defendant from selling Plaintiff's home by way of the Trustee's Sale then set for April 7, 2016.  According to Plaintiffs' Complaint, although the terms of the TRO precluded Defendants from proceeding with the foreclosure process, they continued to do so and in

fact simply continued the Trustee's Sale to June 16, 2016.  Moreover, in the meantime, Defendant JPMorgan Chase Bank, N.A. ("Chase") removed the case to this Court on May 11, 2016, on diversity of citizenship grounds pursuant to 28 U.S.C. §§ 1132 and 1441(a).  Plaintiffs now seek by way of a renewed TRO application to obtain this Court's injunction of sales proceedings until the matter can be fully briefed and heard through a preliminary injunction.  As set forth below, that application is GRANTED.

## BACKGROUND

Defendant Selection Portfolio Servicing, Inc. ("SPS") services a mortgage issued to Plaintiffs that is currently owned by Chase.  According to Plaintiffs' Complaint, Defendant Clear Recon was engaged by Chase to foreclose on Plaintiffs' home in Folsom, California.

Plaintiffs allege that after agreeing to give them the opportunity to mitigate foreclosure by way of a loan modification application, they submitted a completed application in that regard and Defendants began reviewing it in early 2015.  Pl.'s Compl., ¶ 14.  Thereafter on February 4, 2016, Defendants recorded a Notice of Trustee's Sale without approving or denying Plaintiff's modification request.  Id. at ¶ 15.  In fact, according to Plaintiffs, it was not until March 2, 2016, that Plaintiffs issued a letter to Plaintiffs denying their application.  Id. at ¶ 17.  At the time that letter was issued, the Trustee's Sale was scheduled for April 7, 2016.

As indicated above, Plaintiffs applied for a TRO in state court to stop the foreclosure process, and the state court's order to that effect was issued on April 6, 2016.  Plaintiffs claim that while their TRO application was still pending, Defendants continued the Trustee's Sale to June 16, 2016, in contravention of the state court's order enjoining the application process in the meantime.  Plaintiffs further allege that on April 26, 2016, they received a letter from SPS again offering a loan modification on the property despite its active pursuit of foreclosure.

## ANALYSIS

The purpose of a temporary restraining order is to preserve the status quo pending the complete briefing and thorough consideration contemplated by full proceedings pursuant to a preliminary injunction. See Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438-39 (1974) (temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"); see also Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006); Dunn v. Cate, No. CIV 08-873-NVW, 2010 WL 1558562, at *1 (E.D. Cal. April 19, 2010).

Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and Plaintiffs have the burden of proving the propriety of such a remedy. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). In general, the showing required for a temporary restraining order and a preliminary injunction are the same. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a TRO hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the Plaintiffs demonstrate the requisite likelihood of irreparable harm and show that an injunction is in the public interest, a preliminary injunction can still issue so long as serious questions going to the merits are raised and the balance of hardships tips sharply in Plaintiffs' favor. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011)

(concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

## ANALYSIS

The practice by mortgage lenders of negotiating with homeowners in default on their loans for a loan modification, while simultaneously advancing the foreclosure process, is commonly referred to as "dual tracking." Dual tracking has been heavily criticized by both state and federal legislators. In July 2012, California passed legislation referred to as the California Homeowner Bill of Rights, which prohibits such practices. That Bill of Rights went into effect the following year and offers homeowners greater protection during the foreclosure process. Cal. Civ. Code § 2923.6(b). Section 2923.6(b) states that "it is the intent of the legislature that the mortgage servicer offer the borrower a loan modification or work out a plan if such a modification or plan is consistent with its contractual or other authority," and the statute goes on to provide that "if a borrower submits a complete application for a first lien loan modification . . . the mortgage servicer . . . shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending." Cal. Civ. Code § 2923.6(c).

The documents attached to Plaintiffs' Complaint show that Defendants executed a Notice of Trustee's Sale on Plaintiffs' home on March 2, 2016 that was recorded on March 4, 2016. Pls.' Compl., Ex. A. The Complaint also attaches SPS' letter of March 10, 2016 denying Plaintiff's application for loan modification assistance. Id. at Ex. B. The Complaint further alleges, as indicated above, that their application had been pending since 2015 and that consequently no decision on that application had been made at the time the Notice of Trustee's Sale was recorded. Id. at ¶ 14-15. In addition, Defendants have continued the Trustee's Sale to June 16, 2016 despite being enjoined by the TRO issued in state court from continuing with the foreclosure process.

4

Defendants have also continued to offer a loan modification offer while proceeding with their foreclosure against Plaintiff's home.  These shortcomings appear to violate California Civil Code § 2923.6(c).

It follows that Plaintiffs have adequately shown they are likely to succeed on the merits in light of California's Homeowners' Bill of Rights.  Plaintiffs have also met the remaining factors of the preliminary injunction standard.  They have adequately demonstrated the requisite "irreparable harm" by alleging that if they lose their home, "they will be homeless and suffer damage to credit and increased indebtendness," and by contending that since their family home is unique and personalized, no amount of money can compensate them should the property be wrongfully foreclosed against.  Pls.' Brief in Support of TRO, ECF No. 6-1, 4:22-5:2.  Further, the balance of equities tips in Plaintiffs' favor as a TRO in this instance merely delays Defendant's right to foreclose.  Finally, an injunction is in the public's interest as it enforces a recently enacted law designed to protect the public.

## CONCLUSION

For all the above reasons, the Court GRANTS Plaintiffs' Ex Parte Motion for Temporary Restraining Order.[1]  (ECF No. 6).

A hearing on the issuance of a preliminary injunction is set for June 30, 2016 at 2:00 p.m. in Courtroom No. 7.  Defendants and their agents, servants, employees and representatives, are ordered to show cause at that hearing why they should not be enjoined from continuing to foreclose on Plaintiffs' real property located at 324 Prewett Drive, Folsom, California, 95630, during the pendency of this lawsuit.  In the meantime, pending that hearing and determination of preliminary injunction, Defendants, and each

---

[1] While Plaintiff's Motion is denominated as being made on an ex parte basis, the docket in this matter shows that Defendants SPS and Chase both appeared in this matter on May 23, 2016, prior to the instant Motion being filed later that day, and both were electronically served with the Motion.  In addition, Defendant SPS filed an Opposition on May 25, 2016.  Therefore the Court concludes that notice was in fact provided.

of them, along with their officers, agents, employees, representatives and all persons acting in concert or participating with them, are restrained from engage in or performing directly or indirectly any of the following acts:  advertising, selling, transferring, conveying, foreclosing upon, evicting or any other conduct adverse to Plaintiffs regarding their real property located at 324 Prewett Drive, Folsom, California, 95630.

      Plaintiffs' opening brief in support of preliminary injunction is due on Friday, June 3, 2016.  Opposition by Defendants, if any, must be submitted not later than Friday, June 17, 2016 and Defendants' deadline for filing a reply is Friday, June 24, 2016.

      No bond shall be required.

      IT IS SO ORDERED.

Dated:  May 25, 2016

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE