1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT OBY and SUSAN OBY,              No.  2:16-cv-01008-MCE-CKD

12              Plaintiffs,

13        v.                                **MEMORANDUM AND ORDER**

14   CLEAR RECON CORPORATION;
     SELECT PORTFOLIO SERVICING,
15   INC; JP MORGAN CHASE; and DOES
     1 through 50, inclusive,
16
                Defendants.
17

18        On April 14, 2016, Plaintiffs Robert Oby and Susan Oby ("Plaintiffs") filed this

19   action in state court on grounds that Defendant JPMorgan Chase Bank, N.A., sued

20   erroneously as JP Morgan Chase, ("Chase") and Defendant Select Portfolio Servicing,

21   Inc. ("SPS") committed various violations of California's Homeowners' Bill of Rights by

22   instituting foreclosure proceedings against Plaintiffs' home before the time for appealing

23   denial of a loan modification request had lapsed.  Chase subsequently removed the

24   case to this Court on May 11, 2016 on diversity of citizenship grounds pursuant to 28

25   U.S.C. § 1332.  According to Chase, it is a national banking association deemed to be a

26   citizen of Ohio since its main office is located within that state.  Moreover, Plaintiffs' own

27   complaint alleges that Defendant SPS is a Utah corporation with its principal place of

28   business in Salt Lake City.  Finally, in its Notice of Removal (ECF No. 1), Chase alleges

                                              1

1   that the California citizenship of the remaining Defendant, Clear Recon Corporation

2   ("Clear Recon") should be disregarded for diversity purposes since, as a mere

3   foreclosure trustee, Clear Recon should be viewed as a nominal defendant whose

4   presence is irrelevant to a diversity analysis.  Plaintiffs disagree with that

5   characterization and now move to remand the case back to state court on grounds that

6   the requisite diversity of citizenship is not present, both because Clear Recon's

7   citizenship should be considered and because Chase should be deemed to be a citizen

8   of California in any event, thus destroying diversity on that ground as well.[1]  For the

9   reasons set forth below, Plaintiffs' Motion to Remand (ECF No. 17) is DENIED.[2]

10

11                                        **STANDARD**

12

13          When a case "of which the district courts of the United States have original

14   jurisdiction" is initially brought in state court, the defendant may remove it to a federal

15   court "embracing the place where such action is pending."  28 U.S.C. § 1441(a).  There

16   are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction

17   under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.  A district

18   court has federal question jurisdiction in "all civil actions arising under the Constitution,

19   laws, or treaties of the United States."  Id. § 1331.  A district court has diversity

20   jurisdiction "where the matter in controversy exceeds the sum or value of

21   $75,000, . . . and is between citizens of different states, or citizens of a State and citizens

22   or subjects of a foreign state . . . ."  Id. § 1332(a)(1)-(2).

23

24          [1] Plaintiffs also urge the Court to remand on ground that Chase failed to obtain the consent of
     Clear Recon prior to removal, citing case law requiring unanimity of consent in removal cases involving

25   multiple defendants.  See, e.g., Russell Corp. v. American Home Assur. Co., 264 F.3d  1040 1050 (11th
     Cir. 2001).  As set forth below, however, because the Court concludes that Clear Recon was a nominal

26   defendant, its consent to removal was not required.  See Emrich v. Touche Ross & Co., 846 F.2d 1190,
     1193 n.1 (9th Cir. 1988) ("Ordinarily, under 28 U.S.C. § 1146(a), all defendants in a state action must join

27   in the petition for removal, except for nominal, unknown, or fraudulently joined parties.").

28          [2] Having concluded that oral argument was not of material assistance, the Court submitted this
     matter on the briefs in accordance with Local Rule 230(g).

1    A defendant may remove any civil action from state court to federal district court if

2  the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  "The

3  party invoking the removal statute bears the burden of establishing federal jurisdiction."

4  Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v.

5  Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)).  Courts "strictly construe the

6  removal statute against removal jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566

7  (9th Cir. 1992) (internal citations omitted).  "[I]f there is any doubt as to the right of

8  removal in the first instance," the motion for remand must be granted.  Id.  Therefore, "[i]f

9  at any time before final judgment it appears that the district court lacks subject matter

10  jurisdiction, the case shall be remanded" to state court.  28 U.S.C. § 1447(c).

11

12                                                    **ANALYSIS**

13

14    In order to obtain diversity jurisdiction, each plaintiff must be of different

15  citizenship than each defendant.  28 U.S.C. § 1332(a); Athena Automotive, Inc. v.

16  DiGregorio, 166 F.3d 288, 290 (4th Cir. 1999).  The requisite citizenship determination

17  must be made at the time the action is filed.  Grupo Dataflux v. Atlas Global Group, LP,

18  541 U.S. 567, 570-71 (2004).   Even if the controversy is primarily between citizens of

19  different states, if a properly joined defendant is a citizen of the same state as one of the

20  plaintiffs, complete diversity is not present and no federal jurisdiction accrues.  See

21  Exxon Mobil Corp. v. Allapattah Servs, Inc., 545 U.S. 546, 562 (2005) (inclusion of non-

22  diverse party "contaminates" complaint).

23    According to the Complaint, Plaintiffs are California residents.  Compl, ECF

24  No. 1-1, ¶ 1.  Under the above-stated analysis, then, diversity is present only if all of the

25  Defendants are not deemed citizens of the State of California.  While Plaintiffs'

26  Complaint states that Clear Recon is a Washington corporation with its principal place of

27  business in Washington, Plaintiffs now allege that Clear Recon is registered with the

28  State of California and consequently must be deemed a California resident.  In removing

1   the action, Chase simply states that because Clear Recon's only role in this matter is as

2   trustee of the Deed of Trust encumbering Plaintiffs' property, it must be deemed a

3   nominal defendant whose location is irrelevant to the diversity analysis.  Defs.' Notice of

4   Removal, ECF No. 1, ¶ 13.  Chase argues that Plaintiffs make no specific allegations of

5   wrongdoing against Clear Recon, instead alleging only that Clear Recon recorded a

6   Notice of Trustee's Sale and subsequently issued a letter postponing that sale.  Pls.'

7   Comp., ¶¶ 16-17.[3]  Where the allegations against the trustee turn on the loan servicer's

8   conduct as opposed to the trustee's, the trustee should be considered a "sham

9   defendant whose naming does not defeat diversity jurisdiction."  Rieger v. Wells Fargo

10  Nat'l Ass'n,  No. 3:13:0749-JSC, 2013 WL 1748045 at *6 (N.D. Cal. Apr. 23, 2013).

11       In the present matter, there are no allegations that Clear Recon did anything other

12  than conduct the ministerial duties of a trustee under the operable Deed of Trust.

13  Moreover, in serving as a foreclosure Trustee, Clear Recon was immune from liability

14  under state law because it was not a creditor and lacked any beneficial interest in the

15  deed of trust.  See Cal. Civ Code § 2924(b),(d).[4]  Clear Recon's inclusion in Plaintiffs'

16  Complaint must therefore be considered nominal.  A nominal party with no real interest

17  in the controversy is disregarded and cannot constitute the basis for removal.  Roth v.

18  Davis, 231 F.3d 681, 683 (9th Cir. 1956) ("Jurisdiction is not ousted by the joinder or

19  non-joinder of mere formal parties); see also Strotek Corp v. Air Transp. Ass'n of Am.,

20  300 F.3d 1129 (9th Cir. 2000) (ignoring nominal trustee's citizenship).  A foreclosure

21

22       [3] While Plaintiffs claim that Clear Recon is liable for violating a restraining order issued by the
state court prior to removal, there are numerous problems with that argument.  First, Plaintiffs' Complaint
contains no such allegations.  In addition, Plaintiffs have cited no authority to the effect that the state

23  court's order remained in effect once this Court assumed jurisdiction.  Finally, to the extent that Clear
Recon postponed the Trustee's Sale on the property in response to the state court's temporary restraining

24  order, there is no indication that such conduct was a violation of the order in any event.  The state court's
order prohibited actual sale or foreclosure and did not state that a sale could not be postponed or

25  continued.

26       [4] The Court recognizes Plaintiffs' argument that Clear Recon could have filed a Declaration of
Non-Monetary Status under California Code of Civil Procedure 2924l in the event it believed its inclusion in

27  the lawsuit was solely because of its status as trustee.  Since the statute by its terms is permissive ("the
trustee **may** file a declaration of non-monetary status"), and because there are no allegations in the
Complaint of any independent liability on Clear Recon's part in any event, Clear Recon's failure to file such

28  a Declaration is not dispositive.

1   trustee with "no interest in the outcome of the litigation" has nominal status and "its

2   citizenship is not considered for the purpose of establishing diversity jurisdiction."

3   Prasad v. Wells Fargo Bank, N.A., No. C11-894-RSM, 2011 WL 4074300 at *3 (W.D.

4   Wash. Sept. 13, 2011).

5          Plaintiffs' remaining argument, that Chase should be considered a citizen of

6   California for diversity purposes, is no more persuasive.  Chase is a federally chartered

7   "national banking association" organized and existing under the National Bank Act,

8   12 U.S.C. § 21, et seq.  For purposes of diversity jurisdiction under 28 U.S.C. §§ 1332

9   and 1348, a national banking association is a citizen of the state in which its main office

10  is located, as identified in its articles of association.  Wachovia Bank N.A. v. Schmidt,

11  546 U.S. 303, 318 (2006) (rejecting argument that national banking association is citizen

12  of every state in which it operates); Rouse v. Wachovia Mortg. FSB, 747 F.3d 707, 709

13  (9th Cir. 2014) (reversing remand, finding complete diversity between homeowners and

14  national bank because bank is citizen only of state in which its main office is located).

15         Chase's Articles of Association designate its main office as being located in

16  Columbus, Ohio.  See Notice of Removal, ECF No. 1, ¶ 11, EX. D; see also Decl. of

17  Mary McNeill, ECF No. 26, Ex. A at 1 ("The main office of [Chase] shall be in the city of

18  Columbus, County of Delaware, State of Ohio.").  As the Central District has recognized,

19  "[b]ecause [Chase's] main office is located in Columbus, Ohio, it is a citizen only of

20  Ohio."  Matute v. JPMorgan Chase & Co., 2016 WL 3092124 at *4 (C.D. Cal. May 31,

21  2016).  Chase therefore is an Ohio citizen for diversity purposes.

22         In urging the Court to reach a different conclusion, Plaintiffs largely rely on an

23  unsupported allegation that based on the "muscle test," Chase's "principal place of

24  business" should be deemed to be in San Francisco, California.  Plaintiffs do not even

25  define what their purported "muscle test" is, let alone distinguish the clear authority

26  described above which stands for the proposition that as a national banking association

27  with its main office in Ohio, Chase is deemed an Ohio citizen in determining diversity.

28  ///

1    Because the Court concludes that complete diversity is indeed present under the

2  circumstances of this matter, and because the parties do not dispute that the $75,000

3  amount in controversy requirement is satisfied, this Court has diversity jurisdiction,

4  removal was proper, and the instant motion to remand fails.

5

6                                 **CONCLUSION**

7

8    Based on all the foregoing, Plaintiffs' Motion to Remand (ECF No. 17) is DENIED.

9  Having determined that removal was proper, the Court declines to award any attorneys'

10 fees and costs occasioned by the removal as sought by Plaintiffs.

11    IT IS SO ORDERED.

12 Dated:  February 22, 2017

13

14 _____
   MORRISON C. ENGLAND, JR
   UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6